**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Lee McADAMS,
Defendant-Appellant.**

No. 84–3773.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 1985.

Decided May 7, 1985.

David D. Marshall, Harry McCarthy, Asst. U.S. Attys., Seattle, Wash., for plaintiff-appellee.

Allen R. Bentley, Asst. Federal Public Defender, Seattle, Wash., for defendant-appellant.

Before CHOY, ANDERSON and TANG, Circuit Judges.

CHOY, Circuit Judge:

Defendant-appellant James Lee McAdams appeals the district court's denial of his 28 U.S.C. § 2255 motion. He alleges that his attorney's failure to file a notice of appeal after having been requested to do so violated McAdams' constitutional right to effective assistance of counsel. We affirm.

McAdams was indicted on two counts of armed robbery, tried at his request before two juries, and twice convicted. At sentencing on February 18, 1982, Judge Coughenour explained to McAdams his right of appeal, which McAdams waived in open court. At no point thereafter did defense counsel David Shorett, who represented McAdams in these proceedings and others previously, file a notice of appeal on McAdams' behalf. Neither did he file a notice of McAdams' intention not to appeal, as required by Local Rule 32(a)(2), Rules of the United States District Court for the Western District of Washington.

Upon McAdams' filing of a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255 because of defense counsel's omissions, Judge Coughenour referred the motion to the United States magistrate for an evidentiary hearing. Six weeks after the evidentiary hearing, the magistrate filed a report concluding that McAdams' right to effective assistance of counsel had not been violated, and also filed findings of fact and a proposed order denying the § 2255 motion.

Judge Coughenour signed this order on September 14, 1983, but vacated it soon thereafter to permit counsel to file objections. After reviewing the pleadings of both parties, Judge Coughenour reinstated the order denying the § 2255 motion, effective March 30, 1984.

McAdams timely appealed. His appeal presents three questions, each of which we answer in the negative:

1. Did noncompliance with Local Rule 32(a) entitle McAdams, as a matter of law, to revival of his right to appeal?

2. Did defense counsel Shorett's failure to file a written waiver of appeal, in

violation of the Local Rule, amount to ineffective assistance of counsel requiring automatic reinstatement of McAdams' right to appeal?

3. Was the district court's adoption of the magistrate's findings—which were based on conflicts between McAdams' and Shorett's testimony, resolved against McAdams in light of his lack of credibility—clearly erroneous?

### 1.

■ In arguing that noncompliance with Local Rule 32 entitled him to automatic revival of his right of appeal, McAdams analogizes the Local Rule to the federal rules pertaining to waivers of fundamental constitutional rights. McAdams' analogies to Fed.R.Crim.P. 11, 23, and 32(a)(2) are inapposite. Unlike the violation here, a failure to comply with any of these federal rules would work an independent, substantive constitutional harm upon a defendant.

■ Although attacks under § 2255 may succeed where an error of less than constitutional dimension occurs, the cases require "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805 (1979) (quoting *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)). Absent actual prejudice to the defendant, technical noncompliance even with a Federal Rule of Criminal Procedure has been held not to constitute reversible error. *See United States v. Johnson,* 660 F.2d 749 (9th Cir.1981), *cert. denied,* 455 U.S. 912, 102 S.Ct. 1263, 71 L.Ed.2d 452 (1982); *United States v. Benavidez,* 664 F.2d 1255 (5th Cir.), *cert. denied,* 457 U.S. 1135, 102 S.Ct. 2963, 73 L.Ed.2d 1352 (1982). Since we affirm the finding that McAdams never actually asked counsel to note an appeal, *see infra,* we necessarily conclude that he could not have suffered any prejudice as a result of counsel's ignorance of the Local Rule.

McAdams' argument on this issue also fails because it proceeds from the assumption that the purpose of the Local Rule is to expand defendant's procedural rights of appeal beyond the limits set by Fed.R.Crim.P. 32(a) and Fed.R.App.P. 4. Such a purpose would make the Local Rule an improper attempt by the district court to expand the jurisdiction of a higher court by fiat. Absent "legislative history" to the contrary, we do not believe the Local Rule is meant to suspend indefinitely the filing deadline for all defendants whose attorneys fail to file a waiver of the defendant's appeal.

### 2.

■ McAdams argues that Shorett's noncompliance with Local Rule 32 makes out ineffective assistance of counsel as a matter of law. But effective assistance need not be "infallible" assistance. *United States v. Medina-Verdugo,* 637 F.2d 649, 653 (9th Cir.1980). To demonstrate ineffective assistance of counsel, the defendant must show that "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland v. Washington,* —— U.S. ——, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984).

■ Moreover, the defendant bears the burden of showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland,* 104 S.Ct. at 2068.

McAdams does not attempt to demonstrate that Shorett's performance failed to meet an appropriate standard of competence for criminal defense counsel. He simply disputes the correctness of the finding that he could not have been prejudiced by violation of the Local Rule because he never timely asked his attorney to note an appeal. Judge Coughenour's adoption of this finding was not clear error; therefore, McAdams has failed to carry his burden of proving prejudice, and thus, ineffective assistance.

### 3.

This appeal hinges on McAdams' argument that Judge Coughenour's adoption of the magistrate's findings was clear error. McAdams does not adequately acknowledge that these findings were based upon a

disparity in the credibility of his testimony as compared to that of his counsel.[1]

■ McAdams alleges four instances when the subject of a possible appeal came to Shorett's attention. His account of the first—which allegedly took place during the conversation between Shorett and McAdams immediately after sentencing on February 18, 1982—has varied. McAdams eventually admitted that on this date he acquiesced in Shorett's suggestion not to immediately note an appeal. *See* Ev. H. 25, 64.

McAdams' second alleged request for an appeal arose when he phoned Shorett from McNeil Island prison on February 26, 1982. Again McAdams' testimony at the magistrate's evidentiary hearing recanted, at least in part, unequivocal claims he had earlier presented to the district court. *Compare* E.R. 6, 7, 17 *with* E.R. 29. Given Shorett's consistent statements that he would have noted an appeal had McAdams unequivocally asked at any point that he do so, and the near-certainty of McAdams' earlier perjury, we find no error in the discounting of McAdams' second alleged request.

McAdams' third alleged request for an appeal occurred during a phone conversation between Shorett and McAdams' wife on or about March 11, 1982. McAdams' wife called Shorett to tell him of new infor-

mation potentially entitling McAdams to move for a new trial. The magistrate's conclusion that McAdams' wife did not specifically request an appeal is not inconsistent with her testimony.[2]

McAdams' fourth alleged request came in a letter written sometime after March 11, 1982.[3] Shorett wrote back to McAdams on April 12, 1982 to inform him that the time for noting an appeal had expired, and to suggest that a § 2255 petition was his best remaining avenue. McAdams contends this response proves that his letter had specifically requested an appeal. All the response proves, however, is that McAdams had requested information about remaining means to challenge his conviction.

The magistrate determined that McAdams' letter, whatever its contents, did not arrive in time to file for an extension. The district court's adoption of this finding was not clearly erroneous. McAdams has not shown that his letter arrived soon enough for Shorett to timely request an extension of time under Fed.R.App.P. 4(b) in which to file an appeal.

District Judge Coughenour, who observed McAdams' trial testimony first-hand,[4] independently assessed the correctness of the magistrate's findings when he accepted pleadings from the parties. Viewed as they must be in the light most favorable to the judgment, none of these findings was clearly erroneous.[5]

1. The record reflects several grounds on which McAdams' credibility could be questioned. For example, at the trial on Count I, McAdams testified on his own behalf. His testimony included an explanation, apparently rejected by the jury, as to how he had received a gun shot wound around the time of the Count I bank robbery.

Only after being convicted of Count I did McAdams acknowledge his guilt to a United States Probation Officer. *See* Reporter's Transcript of the evidentiary hearing on McAdams' § 2255 motion (Ev. H.) 50; Magistrate's Findings of Fact, Defendant-Appellant's Excerpt of Record (E.R.) 29.

Moreover, upon examination by the magistrate at the § 2255 evidentiary hearing, McAdams acknowledged inconsistency between his testimony at that hearing and his earlier filings with the court which represented that he had unequivocally requested on the day of sentencing that Shorett note an appeal. *See* Ev. H. 151–153; E.R. 6.

2. *See infra* note 5.

3. The letter has been unavailable throughout these proceedings because McAdams had no way to copy it and Shorett disposed of his entire McAdams file during a routine office cleaning in 1983.

4. Rule 4(b) of the Rules Governing Proceedings in the U.S. District Courts under § 2255, and the concommitant Advisory Committee. Notes make clear that Judge Coughenour would have been correct to consider the prior history of the case, including the inconsistencies only partly listed in *supra,* note 1.

5. There is no merit to McAdams' remaining argument that the magistrate's conclusions did not logically follow from his findings of fact. The finding that McAdams' wife did not specifically request an appeal in her telephone conversation with Shorett is supported by the record's

The decision of the district court is AFFIRMED.

---

indications that she was confused as to the distinction between new matter best used in a motion for new trial and matter usable in an appeal.

Moreover, a letter that McAdams' wrote to his wife does not, as he claims, clearly imply that she requested Shorett to appeal. The letter

shows frustration with "the system," not with McAdams' self-described "friend" and counsel, Shorett.

