UNITED STATES, Appellee,

v.

Francisco ZULETA–MOLINA, Defendant, Appellant.

No. 87–1290.

United States Court of Appeals, First Circuit.

Submitted Dec. 11, 1987.

Decided Feb. 29, 1988.

Francisco Zuleta–Molina, pro se.

Margaret D. McGaughey, Asst. U.S. Atty., Richard S. Cohen, U.S. Atty., Portland, Me., and Jay P. McCloskey, Asst. U.S. Atty., Bangor, Me., on brief, for appellee.

Before CAMPBELL, Chief Judge, COFFIN and SELYA, Circuit Judges.

PER CURIAM.

Francisco Zuleta–Molina (Zuleta) appeals from the district court's order denying his motion for correction of an illegal sentence pursuant to Fed.R.Crim.P. 35(a). Zuleta appears *pro se.*

In April 1985, Zuleta appeared before the United States District Court for the District of Maine and entered guilty pleas to three counts of a six count indictment charging him with violations of federal narcotics laws set forth at 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Zuleta was represented by counsel throughout these proceedings. Before accepting Zuleta's guilty pleas, the district court held a hearing to ensure that he understood both the charges and the potential punishment. Zuleta was sentenced to an eight year term of imprisonment on each count to be served consecutively, as well as a special parole term of three years on each count.

The three counts upon which Zuleta was convicted involved three instances of cocaine distribution on December 5, 1984. On the morning of December 5, Zuleta was found to have participated in the distribution of two ounces of cocaine to an individual named George Call, and two ounces of cocaine to Special Agent Gagner of the Maine State Police. On the evening of December 5, Zuleta was found to have distributed an additional one-half ounce of cocaine to George Call. Zuleta now argues

that these events should not have been treated as three separate offenses for the purpose of sentencing, and that the imposition of consecutive sentences by the court constituted an illegal sentence.

At the outset, we observe that the appeal before us is untimely. The district court denied Zuleta's Rule 35 motion on February 2, 1987. Zuleta's notice of appeal was received and filed in the district court fifteen days later on February 17, 1987. The Federal Rules of Appellate Procedure specify that, "in a criminal case, the notice of appeal by a defendant shall be filed in the district court within 10 days after the entry of the judgment or order appealed from." Fed.R.App.P. 4(b). Zuleta's notice of appeal was clearly filed outside the 10 day time period.[1] The requirement that a notice of appeal be timely filed is both mandatory and jurisdictional. *E.g., Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Berman v. United States*, 378 U.S. 530, 84 S.Ct. 1895, 12 L.Ed.2d 1012 (1964). Thus, failure to file a timely notice of appeal deprives the appeals court of jurisdiction. Further, although a district court may extend the time for filing a notice of appeal upon a showing of excusable neglect, no such extension was granted here. We note that, under Fed.R.App.P. 26(b), a court of appeals is not at liberty to enlarge the time for filing a notice of appeal. It follows that this court lacks jurisdiction of an appeal from the denial of the Rule 35 motion.

■ Despite the apparent untimeliness of Zuleta's appeal from the district court's denial of his Rule 35 motion, a review of the merits of a federal prisoner's claim need not be circumscribed by the label attached to his pleadings. *Andrews v. United States*, 373 U.S. 334, 83 S.Ct. 1236, 10 L.Ed.2d 383 (1963). In some instances, particularly when a defendant appears *pro se*, a Rule 35 motion may be construed as a petition for relief under 28 U.S.C. § 2255. *E.g., United States v. Santora*, 711 F.2d 41, 42 (5th Cir.1983); *United States v. McCarthy*, 433 F.2d 591, 592 (1st Cir.1970). *See also* 8A Moore's Federal Practice ¶ 35.02 (2d ed. 1987). Assuming, *arguendo*, that Zuleta's Rule 35 motion in the district court can be treated as a petition for relief under § 2255, his appeal from the district court's denial of that petition would then be timely. Fed.R.App.P. 4(a).[2]

■ Even if this court were to have jurisdiction under the foregoing analysis, Zuleta's position is plainly without merit. Zuleta argues that the district court erred in imposing multiple punishments, i.e. consecutive sentences, for a single criminal undertaking that occurred in three steps. 21 U.S.C. § 841(a) contains simple and unambiguous language prohibiting the distribution of a controlled substance. Distribution is defined elsewhere in the statute as delivery or "the actual, constructive, or attempted transfer of a controlled substance." 21 U.S.C. §§ 802(8), (11). The language of the statute unequivocally indicates that the government may prosecute each individual act of distribution. *United States v. Smith*, 757 F.2d 1161 (11th Cir. 1985) (two distributions to same person on two consecutive days); *United States v. Weatherd*, 699 F.2d 959 (8th Cir.1983) (two transfers to same persons for separate payment on same day); *United States v. McDonald*, 692 F.2d 376 (5th Cir.1982), *cert. denied*, 460 U.S. 1073, 103 S.Ct. 1531, 75 L.Ed.2d 952 (1983) (separate physical deliveries of controlled substance on two differ-

---

1. Under Fed.R.App.P. 26(a), the computation of time includes intermediate weekends and legal holidays unless the time prescribed by the rule is less than seven days. With regard to computation of time, we note that Zuleta's reliance on Fed.R.App.P. 26(c), in an effort to gain extra time, is misplaced. Rule 26(c) applies when a prescribed period commences upon service of a paper upon a party, where such service may be made by mail. The prescribed period for filing a notice of appeal begins at the time of entry of the judgment or order on the criminal docket. *See* Fed.R.App.P. 4(b).

2. Rule 11 of the Rules Governing Section 2255 Proceedings in the United States District Courts states that "[t]he time for appeal from an order entered on a motion for relief made pursuant to these rules is as provided in Rule 4(a) of the Federal Rules of Appellate Procedure." Fed.R. App.P. 4(a) indicates that, if the United States is a party in the case, the notice of appeal may be filed within 60 days after entry of the judgment or order appealed from.

ent days involving same sellers and buyers). Individual acts may be prosecuted even if they are part of a single plan. *United States v. Weatherd*, 699 F.2d 959, 962 (8th Cir.1983); *United States v. McDonald*, 692 F.2d 376, 378 (5th Cir.1982), *cert. denied*, 460 U.S. 1073, 103 S.Ct. 1531, 75 L.Ed.2d 952 (1983). Furthermore, it is permissible to impose separate sentences when the violations charged and proved arise out of discrete transactions. *United States v. Smith*, 757 F.2d 1161, 1165–66 (11th Cir.1985), *United States v. McDonald, supra* at 378–379; *United States v. Gomez*, 593 F.2d 210 (3d Cir.), *cert. denied*, 441 U.S. 948, 99 S.Ct. 2172, 60 L.Ed. 2d 1052 (1979). There can be no question that each distribution established by the facts before us involved a discrete transaction. On the morning of December 5, Zuleta distributed cocaine to two different individuals. His distribution to one of the same individuals in the evening of the same day was clearly a discrete transaction from the morning transfers, having occurred hours later. *See Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) (each of several successive sales of narcotics, even if made to same person, constitutes a distinct offense, regardless of how closely sales follow each other). Each transfer of cocaine constituted a separate and distinct violation of 21 U.S.C. § 841(a), punishable by consecutive sentences. *McDonald, supra* at 380. To follow any other interpretation would leave the drug offender with "little incentive from the law to cut short his operation once it was started. As long as his varied or prolonged actions were all motivated by a single financial plan, he would be subject to but one conviction should he be apprehended." *Id.* This construction of § 841(a) was clearly not contemplated by Congress. With respect to Zuleta's contention that a rule of lenity should have been applied to defeat multiple sentences, we note that this rule is applicable only if a statute is truly ambiguous. *See Gore v. United States*, 357 U.S. 386, 391, 78 S.Ct. 1280, 1284, 2 L.Ed.2d 1405 (1958); *United States v. McDonald, supra* at 379.

We distinguish those cases in which multiple sentences are inappropriately imposed for multiple violations of statute arising out of a single criminal transaction. *E.g., Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980) (multiple punishments not allowed for rape and killing in the course of rape); *United States v. Palafox*, 764 F.2d 558 (9th Cir.1985) (only one sentence allowed for possession of a controlled substance with intent to distribute and for distribution of sample of controlled substance); *United States v. Gomez, supra* (separate sentences on conviction for possession of cocaine with intent to distribute and for actual distribution not allowed when both arose from single distribution transaction).

Thus, irrespective of Zuleta's intentions at the dawning of December 5, 1984, by the close of that day he had, by his own admission, violated 21 U.S.C. § 841(a) no less than three times. The sentences meted out by the court for each of these violations were well within statutory limits. Zuleta makes no argument, and we do not find, that the sentences or the process by which they were imposed are otherwise open to collateral attack.

The district court's denial of Zuleta's motion for reduction of sentence is hereby

*Affirmed.*