883 F.2d 76
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Edwin CARPER, Defendant-Appellant.
 No. 89-5482.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1989.
 
 Before ENGEL, Chief Judge, NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 James Edwin Carper moves for counsel, and appeals from the district court's order denying his motion to correct illegal sentence. Following a jury trial, Carper was convicted of conspiring to distribute controlled substances in violation of 21 U.S.C. Sec. 846; count one: possession with intent to distribute Schedule II controlled substances in violation of 21 U.S.C. Sec. 841, and aiding and abetting in same in violation of 18 U.S.C. Sec. 2 as more fully set out in counts two through thirteen; and unlawfully carrying a firearm during commission of a felony in violation of 18 U.S.C. Sec. 924(c) as more fully set out in counts fourteen through sixteen. He was sentenced to ten years in prison as to each of counts one through thirteen, concurrently, with three years special parole as to each of counts two through thirteen, concurrently. He also received one year as to each of counts fourteen, fifteen, and sixteen, concurrently, but consecutively with the sentence imposed on the other counts, for a total sentence of eleven years with three years special parole to follow.
 
 
 3
 In his motion, Carper claimed that the court improperly imposed a special parole term as part of his sentence. The district court denied the motion, as it did not sentence Carper to a special parole on the conspiracy count, and the special parole term was properly imposed upon the remaining counts.
 
 
 4
 On appeal, Carper argues that he should not have been sentenced to a special parole term.
 
 
 5
 At the outset, we note that Carper's appeal as construed from an order denying his Fed.R.Crim.P. 35 motion is untimely. The district court denied Carper's Rule 35 motion on December 22, 1988. Carper's notice of appeal was filed in the district court on February 3, 1989. The Federal Rules of Appellate Procedure specify that, "In a criminal case, the notice of appeal by a defendant shall be filed in the district court within 10 days after the entry of the judgment or order appealed from." Fed.R.App.P. 4(b). Carper's notice of appeal was clearly filed outside the 10 day time period. The requirement that a notice of appeal be timely filed is both mandatory and jurisdictional. E.g., Browder v. Director, Dep't. of Corr. of Illinois, 434 U.S. 257 (1978). Further, although a district court may extend the time for filing a notice of appeal upon a showing of excusable neglect, no such extension was granted here. We note that, under Fed.R.App.P. 26(b), a court of appeals is not at liberty to enlarge the time for filing a notice of appeal. It follows that this court lacks jurisdiction of the appeal as construed from the denial of the Rule 35 motion.
 
 
 6
 Despite the apparent untimeliness of Carper's appeal from the district court's denial of his Rule 35 motion, a review of the merits of a federal prisoner's claim need not be circumscribed by the label attached to his pleadings. See Andrews v. United States, 373 U.S. 334 (1963). In some instances, particularly where a defendant appears pro se, a Rule 35 motion may be construed as a petition for relief under 28 U.S.C. Sec. 2255. United States v. Zuleta-Molina, 840 F.2d 157, 158 (1st Cir.1988) (per curiam) (citations omitted). Mindful of the liberality accorded pro se filings, we therefore elect to construe Carper's ill-styled Rule 35 pleading as a request for relief under Sec. 2255. See Zuleta-Molina, 840 F.2d at 158-159; United States v. Santora, 711 F.2d 41, 42 (5th Cir.1983), and cases cited therein.
 
 
 7
 We turn, then, to the merits of Carper's claim. Upon consideration, we affirm the district court's order. The court did not impose a special parole term as part of the sentence for violating 21 U.S.C. Sec. 846. This part of the sentence is correct as special parole terms are inapplicable under Sec. 846. See Bifulco v. United States, 447 U.S. 381 (1980). The court did, however, correctly impose special parole terms as to counts two through thirteen. Carper was indicted for offenses committed in 1980. As he committed the offenses prior to November 1987, he was subject to imposition of a special parole term. See United States v. De Los Reyes, 842 F.2d 755, 757-58 (5th Cir.1988); United States v. Molina-Uribe, 853 F.2d 1193, 1197 (5th Cir.1988), cert. denied, 109 S.Ct. 1145 (1989); United States v. Smith, 840 F.2d 886, 889-90 (11th Cir.), cert. denied, 109 S.Ct. 154 (1988).
 
 
 8
 For these reasons, the motion for counsel is denied, and the district court's order is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.