915 F.2d 1557
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Miguel RIVERA, Petitioner, Appellant,
v.
UNITED STATES of America, Respondent, Appellee.
 No. 89-2071.
 United States Court of Appeals, First Circuit.
 Sept. 19, 1990.
 
 Appeal from the United States District Court for the District of Massachusetts, Frank H. Freedman, District Judge.
 Miquel Rivera on brief, pro se.
 Wayne A. Budd, United States Attorney, and Mary Elizabeth Carmody, Assistant U.S. Attorney, on brief, for appellee.
 D.Mass.
 AFFIRMED.
 Before BREYER, Chief Judge, and SELYA and CYR, Circuit Judges.
 PER CURIAM.
 
 
 1
 Miguel Rivera (the petitioner) appeals from a district court judgment denying his motion to vacate, set aside or correct his sentence under 28 U.S.C. Sec. 2255. We find no error and accordingly affirm.
 
 I.
 
 2
 In 1988, petitioner was employed as an armored car guard. On May 13 of that year, he and two other guards, Hector Melendez and Mark Arena, are alleged to have stolen $65,000 from the armored car they were operating. Charged with one count of larceny from a federally insured bank in violation of 18 U.S.C. Secs. 2113(b) and 2, Melendez and Arena subsequently pled guilty, while petitioner was convicted following a jury trial. On December 27, 1988, petitioner was sentenced to a twelve-month prison term, to be followed by three years of supervised release, and was fined $25,505. At both trial and sentencing, he required the services of an interpreter as well as a court-appointed attorney who spoke Spanish.
 
 
 3
 Petitioner filed no notice of appeal within ten days of the January 4, 1989 judgment, as required by Fed.R.App.P. 4(b). On February 23, 1989, however, he submitted a pro se letter to the district court stating that he "wish[ed] to appeal the case," a letter which the district court construed as a notice of appeal. Following issuance of a show cause order, we dismissed this appeal as invalid on April 4, 1989. Petitioner's letter, we indicated, had not been filed within the time period in which the district court could extend the time for filing a notice of appeal. Consequently, even if the district court had intended to allow the notice of appeal to be filed out-of-time (a point we did not decide), it was without jurisdiction to do so. Petitioner then filed in this court what was construed as a motion for reconsideration and rehearing en banc, in which he alleged (1) that his counsel had provided ineffective assistance by "not properly ... advising" him of his appellate rights, and (2) that the disparity between his sentence and those of his codefendants indicated that he had been penalized for asserting his right to trial and thereby denied due process. On May 1, 1989, we denied this motion because of our lack of jurisdiction.
 
 
 4
 Three weeks later, petitioner reasserted these two claims in the district court in a pro se motion styled as one "for Vacating Sentence of Defendant and Resentenc[ing] the Defendant in Order that he may Pursue a Timely Appeal." Construing the motion as one for correction of sentence under Fed.R.Crim.P. 35, the district court properly found it to be procedurally defective.[1] And construing the motion in the alternative as a section 2255 petition, see, e.g., United States v. Zuleta-Molina, 840 F.2d 157, 158 (1st Cir.1988) (per curiam), the court determined that it stated no grounds for relief. The court therefore denied the motion without a hearing. We likewise find petitioner's allegations, viewed as a request for section 2255 relief, to be unavailing.[2]
 
 
 5
 Although petitioner has not requested such relief, the only colorable issue arising from the ineffective-assistance claim is whether his underlying factual allegations are sufficient to warrant an evidentiary hearing. As we have often stated, a Sec. 2255 petition cannot be dismissed without a hearing unless: (1) the factual allegations, if accepted as true, would not entitle the petitioner to relief, or (2) those allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or comprise conclusions rather than statements of fact. See, e.g., Hernandez-Hernandez v. United States, 904 F.2d 758, 762 (1st Cir.1990); Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir.1990) (per curiam); United States v. Mosquera, 845 F.2d 1122, 1124 (1st Cir.1988) (per curiam). Petitioner's allegations here prove to be entirely conclusory, devoid of any specific assertion that might give rise to a cognizable sixth amendment claim.
 
 
 6
 Petitioner's district court motion set forth his sixth amendment claim in a single sentence: it alleged that the action "of counsel not advising Rivera to file a timely notice of appeal, when Rivera desired him to do so, constituted ineffective assistance of counsel." The government in response submitted an affidavit from Lazar Lowinger, petitioner's appointed trial attorney. Lowinger averred that, immediately after sentencing, he explained to petitioner that he had ten days to appeal, but that petitioner disclaimed any interest in doing so with the comment that they "might as well leave it as it is."[3] Petitioner was not afforded an opportunity to contest this affidavit; the district court issued its decision four days after the government's response. He has responded to it, however, in his appellate brief. He contends generally that Lowinger has made "untrue statements" in an effort to "cover up" his deficient assistance. And he in particular rejects the "might as well leave it as it is" attribution as a "total lie." His response to the Lowinger affidavit contains no affirmative allegations, however; he fails to explain what conversation if any occurred with counsel after sentencing and he makes no allegation that he ever specifically requested Lowinger to file an appeal or even informed him that he was contemplating an appeal.
 
 
 7
 The Lowinger affidavit by itself does not warrant summary dismissal of petitioner's claim. "Material issues of fact may not be resolved against the petitioner solely by relying on ex parte, sworn or unsworn, statements of the government ... or defense counsel." United States v. Butt, 731 F.2d 75, 77-78 (1st Cir.1984). See also Miller v. United States, 564 F.2d 103, 106 (1st Cir.1977) ("Affidavits may assist only in determining if there is a genuine issue of fact to resolve."), cert. denied, 435 U.S. 931 (1978); Bender v. United States, 387 F.2d 628, 630 (1st Cir.1967) (per curiam). The issue is whether petitioner has set forth sufficiently specific factual allegations so as to be entitled (in light of the Lowinger affidavit) to a hearing.
 
 
 8
 Petitioner's sole allegation--that counsel provided ineffective assistance by "not advising Rivera to file a timely notice of appeal, when Rivera desired him to do so"--is subject to several, equally conjectural interpretations. To the extent he is contending that he was never informed of his right to appeal, the record demonstrates otherwise. Pursuant to Fed.R.Crim.P. 32(a)(2), the district court at sentencing advised petitioner of his right to appeal and of his right to appointed counsel if indigent. It also stated that the clerk of court would file a notice of appeal on behalf of petitioner upon request.[4] To the extent he is contending that Lowinger, although requested to do so, failed to file a timely notice of appeal, his allegations lack the necessary specificity. Such a charge, if true, might indeed constitute ineffective assistance of counsel. See, e.g., Rodriguez v. United States, 395 U.S. 327 (1969); Estes v. United States, 883 F.2d 645, 648-49 (8th Cir.1989); Leventhal v. Gavin, 396 F.2d 441, 442 (1st Cir.1968) (per curiam). Yet petitioner here has nowhere alleged that he specifically requested Lowinger to file an appeal--an omission which fatally undermines any contention along these lines. See, e.g., Smith v. Lockhart, 882 F.2d 331, 333-34 (8th Cir.1989), cert. denied, 110 S.Ct. 739 (1990); United States v. Estela-Melendez, 878 F.2d 24, 26-27 (1st Cir.1989) (per curiam); United States v. McAdams, 759 F.2d 1407, 1409 (9th Cir.1985).
 
 
 9
 To the extent petitioner is contending that Lowinger failed to advise him simply of the ten-day filing requirement (which the sentencing court did not mention), his allegations are similarly inadequate. Whether such a failure can ever constitute ineffective assistance--under circumstances where a defendant expresses a desire, for example, to appeal pro se, or to consult with new counsel before appealing, or to ponder for a time whether to appeal or not--we need not decide. See generally Miller v. United States, 356 F.2d 63, 64-65 (5th Cir.), cert. denied, 384 U.S. 912 (1966). Given the lack of any allegation here that petitioner ever informed Lowinger that he was considering an appeal, any failure to advise petitioner of the ten-day limitation cannot be deemed deficient performance. The reasoning of the cases listed above involving the absence of any request that an appeal be filed would seem equally applicable in this context. Finally, to the extent petitioner is contending that he changed his mind and decided to appeal only after the filing period had expired, he of course states no claim of ineffective assistance of counsel. See, e.g., United States v. Estela-Melendez, 878 F.2d at 27.
 
 
 10
 Petitioner here is proceeding pro se. He lacks facility with the English language. His pleadings, if less than lucid, are nonetheless coherent. We have attempted to construe them as broadly as possible. Yet we cannot "conjure up unpled allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir.1979). Petitioner made no reference to this sixth amendment claim in his February 23, 1989 letter to the district court or in his response to our show cause order. He first raised it in his motion for reconsideration and rehearing en banc in this court, in a verbal formulation nearly identical to that contained in the instant Sec. 2255 petition. In our order denying the motion for reconsideration, we expressed uncertainty as to what exactly petitioner was claiming in this regard. Petitioner advanced this claim on three subsequent occasions--in his Sec. 2255 petition (filed three weeks after our order), in his notice of appeal from the district court's denial of same, and in his appellate brief. Nowhere did he elaborate on his initial, ambiguous allegation. Indeed, as mentioned, see note 2 supra, he has pressed the issue only tangentially on appeal. Under these circumstances, we find petitioner's ineffective-assistance-of-counsel claim to be merely conclusory and appropriately subject to summary dismissal.
 
 II.
 
 11
 Petitioner's disparate-sentencing claim is patently without merit. He received a twelve-month term, within the sentencing-guideline range of eight to fourteen months. Melendez, considered the most culpable of the three defendants, received a fifteen-month term. Arena, who assisted in the investigation, received a suspended sentence. We find nothing in these circumstances, and petitioner has alleged no other facts, that might create a "reasonable apprehension" that his sentence was "a retaliatory consequence" of his refusal to plead guilty. Longval v. Meachum, 693 F.2d 236, 238 (1st Cir.1982), cert. denied, 460 U.S. 1098 (1983); see also United States v. Mazzaferro, 865 F.2d 450 (1st Cir.1989); United States v. Crocker, 788 F.2d 802 (1st Cir.1986). In any event, we have lately held that "we have no appellate jurisdiction to consider a sentence that was within the applicable guideline range," correctly determined. United States v. Vega-Encarnacion, No. 89-2137, slip op. at 14 (1st Cir. Sept. 12, 1990). The sentence here was of this type. Being unappealable on this basis, the sentence is not open to collateral attack as "retaliatory."
 
 
 12
 Affirmed.
 
 
 
 [1]
 As amended as of November 1, 1987, Rule 35 no longer provides a vehicle by which a defendant may seek a reduction in sentence. Rather, it permits correction of a sentence only pursuant to a remand from an appellate court or on motion of the government to reflect changed circumstances
 
 
 [2]
 The issues petitioner has raised on appeal bear scant resemblance to those advanced below. His motion in the district court, construed broadly, involved four allegations: (1) that his attorney's failure to advise him as to the procedures for filing an appeal constituted ineffective assistance of counsel; (2) that his sentence represented in part a punishment for his having opted for trial; (3) that his speedy trial rights were violated; and (4) that his "language barrier" and inadequate legal assistance prevented him from understanding a possible plea bargain. It is questionable whether he has preserved any of these issues for appeal. He now argues: (1) that his trial attorney's submission of an affidavit to the district court in connection with the ineffective-assistance claim violated the attorney-client privilege; (2) that his sentence of three years supervised release following his prison term was neither "uniformly nor properly" imposed; and (3) that his $25,505 fine was improper. Read liberally, the first issue on appeal is arguably a variation of the ineffective-assistance claim raised below, and his reference to "uniform" sentencing in the second issue on appeal is arguably evocative of his disparate-sentencing claim. We need not decide whether these two claims have been properly preserved, as they prove in any event to be without merit. The remaining claims, having been either abandoned on appeal or not raised below, need not be addressed
 
 
 [3]
 The Lowinger affidavit reads in relevant part as follows:
 That on December 27, 1988, after the court sentenced Mr. Rivera, upon exiting the courtroom I explained to Mr. Rivera that he has ten (10) days to appeal, and that I was sorry of the outcome, whereupon Mr. Rivera, thanked me for everything I did for him, and "believing in him", and then said to me in Spanish ... "might as well leave it as it is".
 That I further told him that should he decide to appeal I would no longer be interested in appealing because in my opinion the weight of the evidence was overwhelming.
 That a few days later I received a call from an attorney from Springfield, Massachusetts, informing me that Mr. Rivera's brother was there with Mr. Rivera considering an appeal. I never heard from the attorney again.
 He also indicated that he was fluent in Spanish and had "at no time" encountered any communication difficulties with petitioner.
 
 
 [4]
 Immediately prior to sentencing, Lowinger moved for a stay of execution of sentence pending appeal--which also presumably alerted petitioner to the availability of appeal