960 F.2d 144
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Leighton MORRELL, Defendant, Appellant.
 91-2072.
 United States Court of Appeals, First Circuit.
 April 27, 1992
 
 Leighton Wallace Morrell on brief pro se.
 Daniel F. Lopez Romo, United States Attorney, and Peter Calderon, Assistant United States Attorney, on brief for appellee.
 Before Torruella, Circuit Judge, Campbell, Senior Circuit Judge, and Cyr, Circuit Judge.
 Per Curiam.
 
 
 1
 By order dated November 27, 1991, we deferred ruling on the issue of the timeliness of this appeal. We now conclude that we do not have jurisdiction. Appellant's motion to correct sentence, pursuant to Fed. R. Crim. P. 35(a) (as applicable to offenses committed prior to November 1, 1987) was denied on July 29, 1991. An appeal from an order denying a Rule 35(a) motion must be filed within the 10 day period for appeals in criminal cases. Fed. R. App. P. 4(b). The appellant's notice of appeal was filed on September 30, 1991, obviously well beyond this 10 day period.
 
 
 2
 Even were we to construe the appellant's Rule 35(a) motion as a petition for relief pursuant to 28 U.S.C. § 2255, see, e.g., United States v. Zuleta-Molina, 840 F.2d 157, 158 (1st Cir. 1988), the appeal still would be untimely. See Fed. R. App. P. 4(a)(1) (60 days in which to appeal in a civil case in which the United States is a party). The 60 day period in which to appeal expired on Friday, September 27th. In Houston v. Lack, 487 U.S. 266 (1988), the Court recognized that an incarcerated pro se loses control over his mail once he hands it over to prison officials and, so, a pro se prisoner's notice of appeal is "filed" at the moment of delivery to prison authorities for forwarding to the district court. Houston v. Lack does not help this defendant, however, because the record shows that, as of September 23rd, although he was still incarcerated, he was incarcerated in a half-way house and the defendant, himself, tells us that he went to the post office on that day and mailed his notice of appeal. So the rationale for giving some largess to incarcerated pro se appellants expressed in Houston v. Lack simply does not apply here. Moreover, we cannot construe the tardy notice of appeal, filed on September 30, 1991, as the substantial equivalent of a motion for an enlargement of time. Wyzik v. Employee Benefit Plan of Crane Co., 663 F.2d 348 (1st Cir. 1981) (per curiam).
 
 
 3
 We, therefore, dismiss this appeal for lack of jurisdiction. We add that, in any event, the issues raised appear unavailing. Appellant's contention that the district court could not impose any form of postconfinement supervision is without merit. See Gozlon-Peretz v. United States, 111 S. Ct. 840 (1991) (rejecting petitioner's contention that no form of postconfinement supervision was intended for offenses committed before November 1, 1987); see also Padilla Palacios v. United States, 932 F.2d 31, 33-34 (1st Cir. 1991) (applying the rationale of Gozlon-Peretz to the parallel provisions in 21 U.S.C. § 960). Likewise, there is no merit to appellant's complaint that his sentence was unconstitutionally disproportionate to that imposed on a co-defendant and to those imposed on allegedly similarly situated defendants.
 
 
 4
 In a pre-Guidelines case, the sentencing judge has very broad discretion in determining the appropriate punishment in a particular situation.... An appellate court will ordinarily not review a sentence unless it exceeds statutory limits or "is so disproportionate to the offense for which it was imposed that it constitutes cruel and unusual punishment." ... Furthermore, a defendant is not entitled to a lighter sentence merely because his co-defendants received lighter sentences.
 
 
 5
 United States v. Gomez-Pabon, 911 F.2d 847, 862 (1st Cir. 1990) (citations omitted), cert. denied, 111 S. Ct. 801 (1991).
 
 
 6
 Appeal dismissed.