50 F.3d 13
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dwayne ABRAHAM, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent, Respondent-Appellee.
 No. 94-35209.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1995.*
Decided March 14, 1995.
 
 Before: HALL, O'SCANNLAIN, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Dwayne Abraham, an Oregon prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2254 petition. We affirm.
 
 
 3
 Abraham contends that his trial counsel was ineffective. To demonstrate ineffective assistance of counsel, a habeas petitioner must show first that counsel's performance fell below that of a reasonable attorney, and second that counsel's errors created a reasonable probability that, but for the errors, the outcome of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 4
 In an attempt to satisfy the first prong of Strickland, Abraham points to counsel's failure to persuade the trial court to instruct the jury on the crime of sexual abuse in the second degree. Abraham does not contend that counsel failed to request such instruction. Rather, Abraham argues that counsel "fail[ed] to properly argue the law and facts in support of his request."[1] Such failure, Abraham explains, led the district court to deny the requested instruction and meant that the argument which Abraham now asserts was not preserved for appeal in the Oregon courts.
 
 
 5
 The essence of Abraham's argument is that counsel was ineffective because counsel did not make the most persuasive argument possible for a jury instruction on sexual abuse. Although Abraham's proposed approach might or might not have met with more success, counsel's failure to make a successful argument does not constitute ineffective assistance.[2] See Strickland, 466 U.S. at 689 ("There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way."); Butcher v. Marquez, 758 F.2d 373, 378 (9th Cir.1985) ("Counsel's choice of an alternative theory upon which to seek exclusion represented the exercise of reasonable professional judgment, even if his client would now pursue a different legal theory."); see also United States v. McAdams, 759 F.2d 1407, 1409 (9th Cir.1985) ("[E]ffective assistance need not be 'infallible' assistance."). Were it otherwise, every losing defendant would have a claim of ineffective assistance.
 
 
 6
 Moreover, although Abraham contends that trial counsel admitted there was no tactical reason for his conduct, we can see clearly a strategic basis for counsel's argument. Counsel's defense at trial was that the sexual contact at issue was consensual; thus, an argument that the conduct occurred without the victim's consent might have undermined counsel's claims regarding consent. Instead, counsel chose to argue that penetration had not occurred and thus that a sexual abuse instruction was appropriate--an argument that conceded nothing about consent or lack thereof. Such strategic decisions do not demonstrate ineffective assistance; indeed, it is well established that "[a] tactical decision by counsel with which the defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel." Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1994).
 
 
 7
 Ultimately, Abraham has failed to demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Because counsel's conduct did not fall outside the wide range of reasonably competent performance, we affirm.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 In support of his request for an instruction on second degree sexual abuse, counsel noted that sexual abuse involved only sexual contact, while rape--the crime with which Abraham was originally charged--required penetration. As penetration had not been established, counsel argued, a sexual abuse instruction was appropriate. The judge, recognizing that both the defendant and the victim had testified that penetration had occurred, denied counsel's request
 Abraham now argues that counsel should have made a different argument in support of the sexual abuse instruction: counsel should have noted that rape was distinct from sexual abuse in that rape required forcible compulsion while sexual abuse required only a lack of consent. As there was only nominal evidence of force, but significant testimony as to lack of consent, a sexual abuse instruction was warranted. Had counsel made this argument, Abraham suggests, the court would likely have given the sexual abuse instruction; had the court denied such instruction, this specific argument would have been preserved for appeal.
 
 
 [2]
 There is some dispute between the parties as to whether sexual abuse is a lesser included offense of rape under Oregon law. We need not decide this issue, for our conclusion would be the same regardless--counsel's failure to make the most persuasive argument in support of the disputed instruction does not constitute ineffective assistance. For this same reason, we need not decide whether trial counsel's objection preserved for appeal the argument which Abraham now asserts