**UNITED STATES of America,**
**Appellee,**

v.

**Thomas KAMINSKI, Defendant–**
**Appellant.**

**Docket No. 01–1506.**

United States Court of Appeals,
Second Circuit.

April 16, 2002.

John A. Cirando, (D.J. Cirando, Lisa M. Cirando, and Tonya M. Younis, on the brief), Syracuse, NY, for Appellant.

Barbara D. Cottrell, Assistant United States Attorney, (Joseph A. Pavone, United States Attorney for the Northern District of New York, on the brief), Albany, NY, for Appellee.

Present WALKER, Chief Judge, NEWMAN, and KEARSE, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal is DISMISSED.

Defendant-appellant Thomas J. Kaminski appeals from the district court's June 27, 2001 denial of his *pro se* request to rescind his sentence and the August 30, 2001 denial of his motion to stay a final order of forfeiture entered by the district court on July 31, 2001. For the following reasons, the appeal is dismissed.

Pursuant to an indictment dated April 20, 1999, defendant was charged with unlawful production of official United States identification documents in violation of 18 U.S.C. § 1028(a)(1), possession of false identification documents in violation of 18 U.S.C. § 1028(a)(6), forging the signature of a United States magistrate judge in violation of 18 U.S.C. § 505, and manufacturing and possessing false badges, identification cards and insignia in violation of 18 U.S.C. § 701. The indictment included criminal forfeiture allegations to effect the forfeiture of a number of items allegedly used in the criminal activity, including computer equipment and related paraphernalia. Kaminski, in addition to pleading guilty to all counts of the indictment, agreed to consent to the forfeiture allegations in the indictment, which stated that the property was subject to seizure and forfeiture and that it shall be seized and forfeited. Kaminski was thereafter sentenced on October 5, 1999, to a term of imprisonment of twenty-one months, three years of supervised release, and a special assessment of $310. His sentence was to run consecutively to the undischarged portion of the state sentence he was then serving for a state parole violation. A panel of this court affirmed his sentence on October 12, 2000.

Meanwhile, on February 14, 2000, Kaminski pled guilty to various forgery charges pursuant to a state indictment in Broome County Court. He was sentenced by the state court to an indeterminate term of imprisonment of two to four years on those charges to run concurrently with his federal sentence imposed on October 5, 1999. The United States Probation Office has informed Kaminski, however, that his twenty-one month term of federal imprisonment will commence once he has completed his state sentences for both the parole violation and the forgery charges. Contending that this is erroneous, Kaminski requested that the district court resen-

tence him. The district court denied his request on June 27, 2001.

With respect to the forfeiture allegations contained in the indictment, the district court entered a preliminary order of forfeiture on May 4, 2000, by which all of the possessions listed in the indictment were forfeited to the United States. A final order of forfeiture was entered July 31, 2001. The district court denied Kaminski's *pro se* motion for a stay of the final order of forfeiture on August 31, 2001.

■ On September 19, 2001, Kaminski filed a *pro se* notice of appeal. On appeal, Kaminski, who is now counseled, argues that the district court erred in declining to resentence him and in denying his motion to stay the final order of forfeiture. In response, the government argues that Kaminski failed to file a timely notice of appeal and that his request for a stay of the forfeiture order is moot.

It is well settled that the timely filing of a notice of appeal is mandatory and jurisdictional. *Browder v. Dir., Dep't of Corr. of Ill.,* 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *see also United States v. Rodgers,* 101 F.3d 247, 251 (2d Cir.1996). Kaminski's notice of appeal from the district court's denial of his request for resentencing was filed more than two months after the district court's denial of his request; it was clearly untimely. *See* Fed. R.App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days . . . .").

Defendant urges us to construe his request for resentencing as a petition brought pursuant to 28 U.S.C. § 2255, in which case he would have 60 days to file his notice of appeal under Fed. R.App. P. 4(a)(1)(B), which provides the deadline for a notice of appeal where the United States is a party. *See, e.g., United States v. Zuleta–Molina,* 840 F.2d 157, 158 (1st Cir. 1988). Regardless of whether we construe

Kaminski's request as such, the notice of appeal was untimely. *See* Fed. R.App. P. 26(b)(1) (prohibiting the court of appeals from extending the time to file a notice of appeal). We thus lack jurisdiction over Kaminski's appeal from the district court's denial of his motion to "rescind" his sentence.

At oral argument, the government conceded that Kaminski's state sentence imposed on February 14, 2000 for the state forgery charges was to run concurrently with the federal sentence imposed by the district court on October 5, 1999 and agreed to take steps to ensure that the two sentences are served concurrently.

■ Finally, we dismiss as moot Kaminski's appeal from the district court's denial of his motion for a stay of the final forfeiture order. It is well settled that federal courts do not have the authority "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology v. United States,* 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992) (internal quotation marks omitted). Because the final order of forfeiture has already been executed and Kaminski's property has been disposed of or destroyed, the relief Kaminski seeks is unavailable, and we accordingly conclude that his request for a stay is moot.

For the foregoing reasons, the appeal is DISMISSED.